**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

NEIGHBORS FOR RATIONAL
DEVELOPMENT, INC.,

      Plaintiff,

    vs.                                      No. CIV 99-0059 JC/LFG (ACE)

BRUCE BABBITT, Secretary of the Interior,
KEVIN GOVER, Assistant Secretary for Indian
Affairs, ROBERT BARACKER, Area Director,
Albuquerque Area Office, Bureau of Indian Affairs,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendants' Motion to Dismiss Plaintiff's Complaint *(Doc. 6)*, filed March 9, 1999. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities. The Court finds that the motion is well taken and will be granted.

**I.**  **Background**

Plaintiff is an incorporated association of landowners, business owners, and residents who live, own property, or do business in the vicinity of the former Albuquerque Indian School ("AIS"). In January 1993, the Department of the Interior accepted the petition of the All Indian Pueblo Council to place AIS property in trust for the benefit of nineteen Pueblos and to issue a corporate charter creating the Indian Pueblos Federal Development Corporation ("IPFDC"). The Department of the Interior did not conduct an environmental assessment or prepare an environmental impact statement

before it placed the AIS property in trust, concluding that the action of placing the property in trust fell within a categorical exception for actions that do not have an effect on the human environment.

Plaintiff brings this suit under the Administrative Procedures Act, 5 U.S.C. § 702, challenging the Department of the Interior's action of placing the property in trust without complying with the National Environmental Policy Act ("NEPA") and applicable regulations at 25 C.F.R. Part 151.[1] Plaintiff claims that at the time the property was placed in trust, Defendants contemplated a change in land use. Therefore, according to Plaintiff, an environmental assessment should have been conducted. Defendants claim that this action should be dismissed because Plaintiff lacks constitutional standing to challenge the action of the Department of the Interior to place the AIS property in trust.[2]

**II.     Analysis**

The requirement that a plaintiff demonstrate standing arises out of the Article III limitation of federal court jurisdiction to actual "cases and controversies." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Where a statute confers jurisdiction, standing may be restricted even further so that only those parties within the "zone of interest" that the statute protects may bring suit. *See United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 686 (1973). Thus, standing is based on both constitutional limitations and prudential restraints on a court's jurisdiction.

---

[1] Plaintiff's complaint does not challenge the action of issuing a charter to the IPFDC.

[2] Defendants have abandoned their original argument that the statute of limitations under 28 U.S.C. § 2401(a) bars this action. *See* Reply in Support of Def.'s Mot. *(Doc. 13)*, filed April 19, 1999.

Defendants challenge whether Plaintiff meets the constitutional requirements for standing.[3] The Supreme Court has established a three-part test for deciding whether a plaintiff has constitutional "case or controversy" standing:

1. A party must allege a distinct and palpable injury-in-fact that is actual or imminent.

2. The injury must be fairly traceable to the challenged conduct.

3. Plaintiff must show that a favorable decision is likely to redress the alleged injury.

*See Defenders of Wildlife*, 504 U.S. at 560.

Plaintiff's complaint does not state explicitly any injury that Plaintiff's members are likely to suffer. In reviewing motions to dismiss for lack of standing, a court may infer from general allegations that a plaintiff can prove the specific facts necessary to support the claim. *See Defenders of Wildlife*, 504 U.S. at 561. I am able to infer from the Complaint that Plaintiff is claiming an increased risk of environmental damage if commercial development takes place without an environmental assessment. An increased risk of environmental damage is a sufficient injury-in-fact. *See Committee to Save the Rio Hondo*, 102 F.3d at 448-49.

Unfortunately for Plaintiff, the Complaint fails to show that the injury-in-fact is imminent. There is no allegation in the Complaint that any commercial development is likely to take place in the near future without an environmental assessment being conducted. I note that Plaintiff would have to allege two elements to satisfy the requirement that its members' injury is imminent: first, that commercial development is likely, and second, that there is no later stage in the process where an environmental assessment would be required before that development takes place. Plaintiff does not

---

[3] Plaintiff clearly meets the "zone of interest" test because Plaintiff seeks to protect the interests of its members in preserving the quality of the environment in which they live. NEPA was specifically intended to advance such interests. *See Committee to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 448 (10th Cir. 1996).

allege either. Even if I infer that commercial development is likely at some time in the future, the possibility that an injury may occur at some indefinite future time does not satisfy the requirement of "imminence." *See Defenders of Wildlife*, 504 U.S. at 564 n.2.

Plaintiff also fails to meet the second prong of the standing test, that the injury be fairly traceable to the challenged action. To satisfy this test, there must be a causal relationship between the two, i.e., Plaintiff must allege that its members' injuries would not occur if the land were not placed in trust. Defendants' actions need not be the very last step in the chain of causation, but the injury complained of may not be the result of an independent action. *See Bennett v. Spear*, 520 U.S. 154, 168-69 (1997). Although Plaintiff alleges that placing the land in trust will facilitate the eventual development of the land "into an office center or for other uses," Complaint at ¶ 16, there is no showing that placing the land in trust for the tribes is a necessary step to commercial development. The Complaint alleges that the land was held in fee by the tribes before it was transferred into trust. Complaint at ¶ 7. No reason is given why the tribes could not, or would not, develop their fee land without transferring the land into trust. Based on the facts as alleged in the Complaint, the link between the challenged conduct and the injury to Plaintiff's members is simply too attenuated.

Plaintiff does not meet the redressability requirement, either. Plaintiff seeks declaratory and injunctive relief that would void the transfer of the AIS property into trust. Plaintiff's alleged injury is the greater risk that development will occur without an environmental assessment. There is no allegation that an environmental assessment would be performed if the transfer of the property into trust were voided. The tribes could seek to develop the property directly without transferring the property into trust. *Cf. Defenders of Wildlife*, 504 U.S. at 571 (plurality opinion of Scalia, J.) (finding

no redressability where plaintiff did not demonstrate dam project was dependent on Agency for International Development funds).

I note that Plaintiff's injury would be redressable if this Court could order Defendants to perform an environmental assessment. But the Complaint is directed at Department of the Interior officials based on a decision to place lands in trust. Plaintiff does not show how this Court would have jurisdiction to order the tribes to conduct an environmental assessment as a condition of developing the property if the property is not placed in trust.

Plaintiff cites *Committee to Save the Rio Hondo v. Lucero*, 102 F.3d 445 (10th Cir. 1996) to support its argument that organizations composed of neighboring landowners have standing to challenge an agency's failure to follow NEPA procedures. I agree that Plaintiff would have standing if it were challenging a decision to allow *development* without following NEPA procedures. Allowing development without following NEPA procedures would subject the neighborhood to an imminent risk of harm to its interests. In *Committee to Save the Rio Hondo*, the citizens group challenged a Forest Service decision to allow summertime operation of a ski area. *See id.* at 446-47. There, the plaintiff's injury was imminent because the special use permit for summertime operations had been approved. *See id.* The injury was directly traceable because the risk of environmental harm would result when the ski area began summertime operations pursuant to the permit that was issued. Finally, the injury was redressable because the ski area could begin summertime operations only if it obtained a permit after complying with the NEPA approval process. By contrast, none of these factors--imminence of injury, traceability or redressability--are found in the present case. Thus, *Committee to Save the Rio Hondo* is clearly distinguishable.

My decision is based on Plaintiff's failure to allege facts in its Complaint that would support standing. Accordingly, this action will be dismissed without prejudice.

Wherefore,

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint, filed March 9, 1999 *(Doc. 6)*, is **granted**. A final order shall be entered in accordance with this opinion.

DATED this 28th day of May, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Timothy M. Sheehan |
| | John W. Utton |
| | Sheehan, Sheehan & Stelzner, P.A. |
| | Albuquerque, New Mexico |
| Counsel for Defendants: | John W. Zavitz |
| | Assistant U. S. Attorney |
| | U. S. Attorney's Office |
| | District of New Mexico |
| | Albuquerque, New Mexico |