IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEIGHBORS FOR RATIONAL
DEVELOPMENT, INC.,

      Plaintiff,

vs.                                                                                                               No. CIV 99-0059 JC/LFG (ACE)

BRUCE BABBITT, Secretary of the Interior,
KEVIN GOVER, Assistant Secretary for Indian
Affairs, ROBERT BARACKER, Area Director,
Albuquerque Area Office, Bureau of Indian Affairs,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Motion for Reconsideration or, in the Alternative, Motion for Leave to Amend Complaint, filed June 14, 1999 *(Doc. 19)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that the motion is well taken in part, and will be granted in part.

The background to this case was previously described in my May 28, 1999 Memorandum Opinion and Order. *See* Mem. at 1-2 *(Doc. 17)*. In that Memorandum Opinion and Order, I found that Plaintiff's gravamen was the "increased risk of environmental damage if commercial development [were to take place on the AIS property] without an environmental assessment." Mem. at 3 *(Doc. 17)*. Based on that generous premise, I distinguished *Committee to Save the Rio Hondo v. Lucero*, 102 F.3d 445 (10th Cir. 1996) and dismissed Plaintiff's Complaint for failing to meet the three constitutional standing requirements--injury, traceability and redressability.

Plaintiff now seeks reconsideration of that ruling, or in the alternative, leave to file an amended complaint. Plaintiff claims the placement of the AIS property in trust acts to lower the surrounding property values because the AIS property becomes free of local zoning and planning ordinances. Although I reaffirm my previous ruling, I will allow Plaintiff to file an amended complaint with these new allegations.

**Analysis**

Neither the Indian Reorganization Act ("IRA") nor the implementing regulations provide a private right of action for parties challenging the entrustment of lands. *See* 25 U.S.C. § 465; 25 C.F.R. Part 151. Consequently, Plaintiff's challenge to the entrustment of the AIS property lies solely under the Administrative Procedure Act ("APA"). *See Committee to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 448 (10th Cir. 1996); *Utah v. United States*, 45 F. Supp.2d 1279, 1282 (D. Utah 1999). According to the APA, a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." *Utah v. Babbitt*, 137 F.3d 1193, 1203 n.10 (10th Cir. 1998) (quoting 5 U.S.C. § 702). The judicial review is available as long as the action is a "final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704. The review is not appropriate "(1) where the statute explicitly precludes judicial review, and (2) where agency action is committed to agency discretion by law." *Shakopee v. United States*, Civ. No. 4-95-373, 1997 WL 57745, at *8 (D. Minn. Feb. 6, 1997) (citing 5 U.S.C. § 701(a)).

I find that land entrustment under 25 C.F.R. § 151.10 is final agency action for which there is no other "adequate remedy." I further find that neither of the § 702 exceptions apply to 25 C.F.R. § 151.10 actions. *See McAlpine v. United States*, 112 F.3d 1429, 1434-36 (10th Cir. 1997)

(disagreeing with *Florida Dep't of Bus. Regulation v. United States*, 768 F.2d 1248 (11th Cir. 1985)). Because Plaintiff represents "neighbors" who claim to have suffered decreases in property value, the constitutional and statutory standing requirements are now satisfied. *See* 25 C.F.R. § 151.10(f) ("potential conflicts of land use which may arise."); *Shakopee*, 1997 WL 57745, at *13-15 (city seeking to prevent entrustment). *Cf. McAlpine*, 112 F.3d at 1435-36 (Osage tribal member challenging denial of entrustment). *Compare Utah*, 45 F. Supp.2d at 1283-84 (No APA standing where trustee acts **solely** in the best interests of the trust beneficiary).

Wherefore,

IT IS ORDERED that Plaintiff's Motion for Reconsideration or, in the Alternative, Motion for Leave to Amend Complaint, filed June 14, 1999 *(Doc. No. 19)*, is **granted in part**. Plaintiff shall have 15 days to submit an amended complaint.

DATED this 13th day of September, 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Counsel for Plaintiff: | Timothy M. Sheehan<br>John W. Utton<br>Sheehan, Sheehan & Stelzner, P.A.<br>Albuquerque, New Mexico |
| Counsel for Defendants: | John W. Zavitz, AUSA<br>U. S. Attorney's Office<br>District of New Mexico<br>Albuquerque, New Mexico |