**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

NEIGHBORS FOR RATIONAL
DEVELOPMENT, INC.,

      Plaintiff,

vs.                                                           No. CIV 99-0059  JC/LFG  (ACE)

BRUCE BABBITT, Secretary of the
Interior, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Opening Brief, filed February 22, 2000 *(Doc. 45)*. Plaintiff's Opening Brief is in essence an appeal made pursuant to the Administrative Procedures Act (APA) challenging the Secretary of Interior's (Secretary's) decision to place the Albuquerque Indian School (AIS) property into trust for the 19 Pueblos of New Mexico (Pueblos). *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579-80 (10th Cir. 1994) (holding that judicial review of an agency action under the APA must be processed as an appeal governed by the Federal Rules of Appellate Procedure). In its appeal, Plaintiff asks the Court to reverse the Secretary's decision, or in the alternative, remand this case to the Secretary so that he will properly apply statutory and regulatory requirements that are in place for trust acquisitions outside of existing Indian reservations. Plaintiff also asks for an award of attorney fees and costs.

**A.**     **Background**

Plaintiff contends that Defendants' decision to accept the AIS property into trust was improperly made because Defendants failed to examine relevant data and consider the relevant

factors for trust acquisitions as set forth in the regulations. Consequently, Plaintiff argues that Defendants' trust acquisition decision was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law. Defendants, on the other hand, believe that the trust acquisition decision was reasonable and complied with applicable law. Defendants also argue that this case should be dismissed for two reasons. First, Defendants assert that they are immune from suit under the Quiet Title Act (QTA). Second, Defendants believe that the doctrine of laches precludes this lawsuit. I will discuss the sovereign immunity and laches issues first.

**B.      Sovereign Immunity Under the Quiet Title Act**

Defendants argue that the QTA's explicit reservation of United States' sovereignty for disputes involving Indian trust lands acts as a limitation on the general waiver of immunity found under the APA. Defendants base this argument primarily on *State of Fla., Dep't of Bus. Regulation v. United States Dep't of the Interior*, 768 F.2d 1248 (11th Cir. 1985), *cert. denied*, 475 U.S. 1011 (1986). The Tenth Circuit Court of Appeals, however, has "expressly rejected" *State of Florida*. *United States v. Roberts*, 185 F.3d 1125, 1134 n.7 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 1960 (2000) (citing *McAlpine v. United States*, 112 F.3d 1429, 1433-35 (10th Cir.), *cert. denied*, 522 U.S. 984 (1997)). *McAlpine*, a Tenth Circuit case involving an appeal from the Secretary's decision regarding trust status of Indian land, sheds light on this issue of sovereign immunity. 112 F.3d at 1430. The Tenth Circuit in *McAlpine* held that "the APA establishes a strong presumption in favor of reviewability of agency action." *Id.* at 1432 (citations omitted). Even so, the APA contains two exceptions to this presumption. *Id.* Judicial review is unavailable if "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)-(2).

The issue in this case is whether the QTA is a statute which precludes judicial review of the Secretary's trust decision. Although the court in *McAlpine* did not explicitly find that the QTA does not preclude judicial review in a case where an Indian land trust determination is appealed under the APA, the court implicitly did so. First, the court stated

> In the present case, the statutory language does not expressly preclude judicial review. Furthermore, <u>neither party directs us to, nor have we found, any other statute precluding review</u> of the Secretary's decision regarding trust land acquisitions.

*Id.* (emphasis added). Second, the court held that judicial review in that case was one of right dependent only on the agency's obligation to follow its own regulation and the authorizing act. *Id.* at 1433 n.3 (citations omitted). Finally, the court was aware of the QTA sovereign immunity holding in *State of Florida* but nonetheless chose not to follow *State of Florida. See id.* at 1434. For all of these reasons, I find that in the Tenth Circuit the QTA does not provide sovereign immunity to the United States when an Indian trust determination is appealed under the APA.

**C.    The Doctrine of Laches**

Defendants also argue that the defense of laches applies because Plaintiff has known of the facts of its claim for six years, since the date of the trust designation. An "action may be barred by the equitable defense of laches if (1) there has been unreasonable delay in bringing suit, and (2) the party asserting the defense has been prejudiced by the delay." *Park County Resource Council, Inc. v. United States Dep't of Agric.*, 817 F.2d 609, 617 (10th Cir. 1987), *overruled in part on other grounds by Village of Los Ranchos de Albuquerque v. Marsh*, 956 F.2d 970, 973 (10th Cir.), *cert. denied*, 506 U.S. 817 (1992) (citing *Jicarilla Apache Tribe v. Andrus*, 687 F.2d 1324, 1338 (10th Cir. 1982). The application of the doctrine of laches is a discretionary decision of the court's. *Id.* (citing *Jicarilla Apache Tribe*, 687 F.2d at 1338).

Defendants argue that the first prong of the laches test is met because of the six-year delay in bringing suit. Plaintiff notes that during that six-year period community members, including future members of the Plaintiff, decided to pursue alternate avenues of resolution instead of a lawsuit. For example, they participated in the environmental assessment process, entered into negotiations with the relevant entities, and sought administrative review of the Bureau of Indian Affair's (BIA) approval of the ground lease. *See Aff. of Nancy M. Traylor*, Ex. 1 (attached to Pl.'s Reply to Defs.' Br. on the Merits, filed May 10, 2000 *(Doc. 52)*). Since Plaintiff essentially represents the interests of the general public, it should not be penalized for pursuing avenues that it thought would be "most fruitful in vindicating their concerns." *Park County*, 817 F.2d at 618. Although Plaintiff's strategy may have "proved to be ill-destined, ... we should not chastise [its] efforts to selectively minimize litigation. Otherwise, we discourage such thoughtful preparation and encourage rote litigation at the time of every agency action, even though successful challenge of only one action in the series would result in obtaining the benefits sought." *Id*. For these reasons, I find that the six-year delay was not unreasonable.

Even assuming that the six-year delay was unreasonable, Defendants need to show that the delay prejudiced them. Defendants claim that the Pueblos have incurred over $500,000 in expenses in undertaking activities to develop the AIS property. Aff. of Ed Little at ¶¶ 10, 10 [sic], 11, Ex. A (attached to Defs.' Br. on the Merits, filed April 7, 2000 *(Doc. 49)*). However, rather than looking at "the absolute dollars already spent, the more salient inquiry explores what percentage of total costs has already been committed." *Park County*, 817 F.2d at 618. Additionally, one looks to see if the project is substantially completed. *Id*. The record in this case is void as to what percentage the $500,000 is of the total costs for developing the AIS property. Also, the development is not

substantially completed. The AIS property at issue is simply vacant; no construction has begun. Consequently, I find that Defendants have not been prejudiced by the six-year delay. In sum, I conclude that this suit is not barred by the doctrine of laches.

**D.     The Merits of the Appeal**

    **1.     Standard of Review Under the APA**

When reviewing an administrative decision under the APA, the decision shall be set aside if it is found to be arbitrary and capricious. 5 U.S.C. § 706. "[I]n determining whether the agency acted in an 'arbitrary and capricious manner,' we must ensure that the agency 'decision was based on a consideration of the relevant factors' and examine 'whether there has been a clear error of judgment.'" *Friends of the Bow v. Thompson*, 124 F.3d 1210, 1215 (10th Cir.1997) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)). An agency must articulate the grounds for its decision with enough detail to enable the reviewing court to determine whether the agency considered the relevant factors and made a reasonable choice based on those factors. *City of Gillette, Wyo. v. FERC*, 737 F.2d 883, 886 (10th Cir.1984) (citations omitted). In addition, an agency decision is arbitrary and capricious if "the agency ... relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U. S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Applying these standards, I examine Plaintiff's claims to ascertain whether Defendants examined the relevant data and articulated a rational connection between the facts found and the decision made. *See id.*

### 2. The Trust Acquisition Decision

The relevant agency regulations in effect at the time the AIS property was put into trust status stated as follows:

> In evaluating requests for the acquisition of land in trust status, the Secretary shall consider the following factors:
>
> (a) The existence of statutory authority for the acquisition and any limitations contained in such authority;
>
> (b) The need of the ... tribe for additional land;
>
> (c) The purposes for which the land will be used; ...
>
> (e) If the land to be acquired is in unrestricted fee status, the impact on the State and its political subdivisions resulting from the removal of the land from the tax rolls;
>
> (f) Jurisdictional problems and potential conflicts of land use which may arise; and
>
> (g) If the land to be acquired is in fee status, whether the Bureau of Indian Affairs is equipped to discharge the additional responsibilities resulting from the acquisition of the land in trust status.

25 C.F.R. § 151.10 (1992), Attachment 2, Notice of Lodging of Supplement to Administrative Record (SAR), filed Jan. 21, 2000 *(Doc. 43)*. Moreover, the Department of Interior stated that it was its policy

> to determine whether hazardous substances are present on real estate before such real estate is acquired for the United States. The Department will not acquire such real estate when the costs of remediation of hazardous substances will be borne by the United States taxpayers except at the direction of Congress, or for good cause with the approval of the Secretary.

Secretary of Interior Order No. 3127 at Sec. 1 (Dec. 15, 1988), Attachment 3, SAR. Plaintiff argues that Defendants failed to examine the relevant data as outlined in 25 C.F.R. § 151.10 and Secretary

of Interior Order No. 3127. Accordingly, Plaintiff contends that this failure to consider these factors led to an arbitrary and capricious decision to place the AIS property into trust status.

Plaintiff asserts that the BIA Area Director's recommendation to the Assistant Secretary of Indian Affairs to put the AIS property into trust status is lacking in any real analysis of the relevant factors for a trust acquisition determination as is the Secretary's brief letter accepting the AIS property into trust status. *See* Vol. 1 of Administrative Record, Nos. 12, 17, 17a-c. Defendants claim they only need to "consider" those relevant factors, not analyze them. To "consider" has been interpreted to mean "to investigate and analyze, not merely to speculate on the basis of information that is already available, however incomplete." *City of Davis v. Coleman*, 521 F.2d 661, 679 (9th Cir. 1975). However, the Court is to "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974) (citation omitted). "The statement of reasons need not include detailed findings of fact but must inform the court and the petitioner of the grounds of decision and the essential facts upon which the administrative decision was based." *Kitchens v. Department of Treasury, Bureau of Alcohol, Tobacco and Firearms*, 535 F.2d 1197, 1200 (9th Cir. 1976).

Here, the final agency decision subject to judicial review is the Secretary's decision to accept the AIS property into trust.[1] *See* 5 U.S.C. § 704 (APA judicial review of final agency decision). The Secretary states that he reviewed the Area Director's memorandum and its attachments. Vol. 1 of Administrative Record, No. 12. The Secretary then determined that "the proposed [trust] acquisition is consistent with applicable guidelines and would be in the best interest of the 19 Indian Pueblos of

---

[1] I do not consider the Area Director's recommendation to be a final agency ruling subject to judicial review because it was made by a subordinate and is only a recommendation. *See Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992).

-7-

New Mexico." *Id.* Without more, the Secretary concluded that he will accept the AIS property into trust status subject to the receipt of satisfactory title evidence. *Id.* The Secretary did not specifically "consider" the § 151.10 factors in his decision nor did he even refer to the Pueblos' consideration of those factors in their application for trust status. Moreover, the decision is lacking in any discussion of the factual basis for the Secretary's determination. The sparse nature of the Secretary's decision can only lead me to conclude that it was arbitrary and capricious. Accordingly, a remand is appropriate so that the Secretary can provide a reasoned explanation for his determination to accept the AIS property into trust status. *See Pension Ben. Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 654 (1990); *Olenhouse*, 42 F.3d at 1575.

**E.     Attorney Fees, Expenses, and Costs**

    **1.     Attorney Fees and Other Expenses**

The Equal Access to Justice Act (EAJA) requires a court to award attorney fees and other expenses to prevailing, non-government parties in civil actions brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party seeking an award of fees and expenses under EAJA must submit an application to the court "within thirty days of final judgment in the action." 28 U.S.C. §2412(d)(1)(B). Because a final judgment has not yet been entered in this case, Plaintiff's request for attorney fees and expenses is premature and will be denied at this time.

    **2.     Costs**

The EAJA also allows for the award of costs to the prevailing party. 28 U.S.C. § 2412(a). However, for the Court to consider Plaintiff's costs, Plaintiff must file a bill of costs. 28 U.S.C.

§ 1920. Since a bill of costs has not been filed, Plaintiff's request for costs is likewise premature and will be denied at this time.

Wherefore,

IT IS ORDERED that this matter is **remanded** to the Secretary so that he shall provide a reasoned explanation for his determination to accept the AIS property into trust status.

IT IS ALSO ORDERED that Plaintiff's request for attorney fees, expenses, and costs is **denied** at this time.

DATED this 29th day of June, 2000.

CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Counsel for Plaintiff: | Timothy M. Sheehan |
| | John W. Utton |
| | Sheehan, Sheehan & Stelzner |
| | Albuquerque, New Mexico |
| Counsel for Defendants: | John W. Zavitz |
| | Assistant U. S. Attorney |
| | U. S. Attorney's Office |
| | District of New Mexico |
| | Albuquerque, New Mexico |