IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEIGHBORS FOR RATIONAL
DEVELOPMENT, INC.,

       Plaintiff,

vs.                                                                                          No. CIV 99-0059 JC/LFG (ACE)

BRUCE BABBITT, Secretary of the
Interior, KEVIN GOVER, Assistant
Secretary for Indian Affairs,
ROBERT BARACKER, Area Director,
Albuquerque Area Office, Bureau of
Indian Affairs,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Federal Defendants' Motion to Alter, Amend or Reconsider Memorandum Opinion and Final Order, filed July 14, 2000 *(Doc. 56)*. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendants' motion will be granted in part and denied in part.

**I.**    **Background**

Pursuant to the Administrative Procedures Act (APA), Plaintiff appealed the Secretary of Interior's decision to place the Albuquerque Indian School (AIS) property into trust for the 19 Pueblos of New Mexico. In Memorandum Opinion and Order (the "Opinion"), filed June 29, 2000 *(Doc. 54)*, this Court determined that the Secretary's decision to place the property into trust was arbitrary and capricious because of its "sparse nature." *See id.* at 8. In particular, the

1

Court found that the Secretary did not specifically consider the factors outlined in 25 C.F.R. § 151.10, and his decision lacked a discussion of the factual basis for the determination. *See id.* Thus, the Court ordered that the matter be "remanded to the Secretary so that he shall provide a reasoned explanation for his determination to accept the AIS property into trust status." *See id.* at 9. In addition, the Court entered a Final Order, filed June 29, 2000 *(Doc. 55)*, thereby ending the litigation on the merits.

Defendants now ask the Court to alter or amend both the Opinion and Final Order pursuant to FED. R. CIV. P. 59. First, Defendants argue that the Opinion and Final Order are inconsistent in language as to the action required on remand. *See* Federal Defendants' Memorandum in Support of Motion to Alter, Amend or Reconsider Memorandum Opinion and Final Order ("Defs.' Memo.) at 1, filed July 14, 2000 *(Doc. 57)*. Second, Defendants argue that the Opinion and Final Order should be amended to allow them to supplement the administrative record with reasoned explanations from knowledgeable, authorized agency officials rather than by the Secretary. *See id.* Third, Defendants argue that the Final Order should be withdrawn and the Court should retain jurisdiction pending completion of the remand to the agency. *See id.* Finally, Defendants ask the Court to reconsider the Opinion on the basis that Congress has ratified the trust designation. *See id.* at 1-2.

**II.      Standard of Review**

Rule 59(e) of the Federal Rules of Civil Procedure provides a means "to support reconsideration of matters properly encompassed in a decision on the merits." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982). Reconsideration of a prior ruling is subject to the court's discretion. *See Hancock v. City of Oklahoma City*, 857 F.2d

1394, 1395 (10th Cir.1988). A Rule 59(e) motion to alter or amend the judgment should be granted if the court needs to correct manifest errors of law or present newly discovered evidence. *See Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992). However, a Rule 59(e) motion cannot be used to introduce arguments not made in the challenged proceeding. *See Steele v. Young*, 11 F.3d 1518, 1520 n. 1 (10th Cir.1993).

**III.    Analysis**

    **A.    Motion to Alter or Amend the Final Order**

Defendants ask the Court to withdraw its Final Order, filed June 29, 2000 *(Doc. 55)*. *See* Defs.' Memo. at 5. Defendants argue that remand orders under the APA are generally interlocutory in nature, and in this case, it would be more efficient for the Court to retain jurisdiction over the matter pending completion of the corrected agency action. After further review, the Court agrees.

A final order "ends litigation on the merits and leaves nothing for the district court to do but execute the judgment." *Hooker v. Continental Life Ins. Co.*, 965 F.2d 903, 904 (10th Cir.1992). In the administrative context, a remand order is "generally considered a nonfinal decision...not subject to immediate review in the court of appeals." *Baca-Prieto v. Guigni*, 95 F.3d 1006, 1008 (10th Cir.1996). This rule "best serves the interests of judicial economy and efficiency" because it "avoids the prospect of entertaining two appeals, one from the order of remand and one from entry of a district court order reviewing the remanded proceedings." *In re St. Charles Preservation Investors, Ltd.*, 916 F.2d 727, 729 (D.C.Cir. 1990). Deferring review leaves open the possibility that no appeal will be taken in the event that the remand proceedings satisfy all the parties. *See id.*

3

Previously, the Court remanded this matter to the Secretary and ordered him to provide a reasoned explanation for his determination to accept the AIS property into trust status. *See* Opinion at 9. The Court finds that this action does not end the litigation on the merits. The Court further finds that the interests of judicial economy are best served by this court retaining jurisdiction and avoiding the prospect of two appeals. If the Final Order is not withdrawn, the case is subject to a potential appeal to the Tenth Circuit. Meanwhile, Plaintiff may decide to seek a review of the Defendants' actions upon remand. This piecemeal review may be avoided if the Court retains jurisdiction. Accordingly, the Court withdraws the Final Order, filed June 29, 2000 *(Doc. 55)*.

**B.     Motion to Alter or Amend the Opinion**

Defendants also ask the Court to alter or amend its Memorandum Opinion and Order (the "Opinion"), filed June 29, 2000 *(Doc. 54)*. Defendants first argue that the Court should reconsider the decision on the merits because Congress has ratified the trust designation in Pub. L. 103-435. In the alternative, Defendants contend that the Opinion should be amended to allow them to supplement the administrative record with reasoned explanations from knowledgeable, authorized agency officials rather than by the Secretary.

**1.     Congressional Ratification of the Trust Designation**

Defendants advance a new legal argument by claiming that the language and legislative history of Pub. L. 103-435 show that Congress has ratified the trust status of the AIS property. A Rule 59(e) motion cannot be used to introduce new arguments not raised in prior briefing. *See Steele v. Young*, 11 F.3d 1518, 1520 n. 1 (10th Cir.1993); *see also Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Defendants' argument revolves around a 1994 public law,

an issue that existed during the prior briefing.  Thus, the Court finds that this new argument should have been raised in prior proceedings.  Accordingly, Defendants' motion to reconsider the decision on the merits is denied.

## 2. Clarification of the Actions Required Upon Remand

In the alternative, Defendants argue the Opinion should be amended in order to clarify what action is required upon remand.  *See* Dfs. Memo. at 3-5.  Currently, the Opinion states: "IT IS ORDERED that this matter is remanded to the Secretary so that he shall provide a reasoned explanation for his determination to accept the AIS property into trust status."  *See id.* at 9.  Defendants maintain that the Opinion should be amended to permit the agency on remand to provide the needed explanation by supplementing the record with declarations from knowledgeable agency officials rather than by the Secretary.  *See* Dfs. Memo. at 4.  Defendants argue that Secretary Lujan is no longer involved and would likely have no recollection of the rationale for the trust designation.  *See id.*  Defendants further argue that the current Secretary would not have any knowledge of the matter since it predated him.  *See id.* at 5.  Thus, Defendants ask the Court to allow them to supplement the record on remand with additional affidavits or testimony from knowledgeable agency officials as may be necessary to explain the agency decision.

In *Woods Petroleum Corp. v. Dept. of Interior*, 47 F.3d 1032, 1041 (10th Cir. 1995), the Tenth Circuit discussed the appropriate remedy when a court concludes that the Secretary acted arbitrarily and abused his discretion:

> Under the APA, a reviewing court must rely on the administrative record to assess the validity of the agency action. *Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973) (per curiam).  When the agency has failed to explain

5

>adequately the rationale underlying its action, and "further explanation is necessary [for] a proper assessment of the agency's decision," the court should ordinarily remand for further proceedings. *See Id.* at 143, 93 S. Ct. at 1244. As we explained in our panel opinion, "[i]f the only deficiency in the Secretary's actions were an inadequate analysis and discussion of all relevant factors [in the BIA guidelines]," remand would be appropriate in light of *Camp*. *Woods Petroleum*, 18 F.3d at 859.

In this case, the Court found the Secretary's actions were deficient because he gave an inadequate analysis and discussion of all the relevant factors. *See* Opinion at 7-8. Thus, remand is appropriate according to *Camp*. *See Woods Petroleum Corp.*, 47 F.3d at 1041.

In *Cotton Petroleum Corp. v. U.S. Dept. of Interior, Bureau of Indian Affairs*, 870 F.2d 1515, 1529 n.5 (10th Cir. 1989), the Tenth Circuit interpreted *Camp* as follows:

>*Camp* merely holds that a district court charged with reviewing an agency's decision for abuse of discretion should not conduct a de novo hearing, but rather should rely on the facts and reasoning developed in the administrative record supplemented by such additional affidavits or testimony as may be necessary to explain the agency decision. *Camp* contemplates a remand when "further explanation is necessary to a proper assessment of the agency's decision." Id. at 143, 93 S.Ct. at 1244.

Thus, if an agency action is remanded pursuant to *Camp*, a court will not conduct a de novo hearing and will allow the administrative record to be supplemented with additional affidavits or testimony as may be necessary to explain the agency decision.

In this case, the Court does find it necessary to amend its Opinion in order to clarify what actions need to be taken upon remand. As noted above, a de novo hearing is not required. Therefore, the Court will allow Defendants to supplement the administrative record with additional affidavits or testimony as may be necessary to explain the agency's decision. The evidence used to supplement the record needs to shed light on the issue of whether the Secretary, at the time he made his decision, considered all of the relevant factors listed in 25 C.F.R. §

6

151.10. However, Defendants may find it too difficult to produce the necessary evidence, and a new decision may be warranted.

## IV.     Conclusion

For the above reasons, the Court finds that the remand does not end the litigation on its merits, and the interests of judicial economy are best served by this Court retaining jurisdiction. The Court further finds that Defendants have raised a new legal argument with respect to Pub. L. 103-435, an impermissible use of use of Rule 59(e). Finally, the Court finds it necessary to amend its Opinion in order to clarify what action is required upon remand.

Wherefore,

**IT IS ORDERED** that Defendants' motion to withdraw the Final Order, filed June 29, 2000 *(Doc. 55)*, is hereby **granted**.

**IT IS ORDERED** that Defendants' motion to reconsider the Memorandum Opinion and Order, filed June 29, 2000 *(Doc. 54)*, based on the argument that Congress has ratified the trust status of the AIS property is hereby **denied**.

**IT IS ORDERED** that Defendants' motion to amend Memorandum Opinion and Order, filed June 29, 2000 *(Doc. 54)*, in order to clarify what action is required upon remand is hereby granted. Defendants will be allowed to supplement the administrative record with additional affidavits or testimony as may be necessary to explain the agency's decision.

DATED May 18, 2001.

_____
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Timothy M. Sheehan
    John W. Utton
    Sheehan, Sheehan & Stelzner
    Albuquerque, New Mexico

Counsel for Defendants:

    John W. Zavitz
    Assistant U.S. Attorney
    U.S. Attorney's Office
    District of New Mexico
    Albuquerque, New Mexico