# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

NEIGHBORS FOR RATIONAL
DEVELOPMENT, INC.,

        Plaintiff,

vs.                                                                                             No. CIV 99-0059 JC/LFG (ACE)

GAIL NORTON, Secretary of the
Interior, NEAL A. MCCALED, Assistant
Secretary for Indian Affairs,
ROBERT BARACKER, Area Director,
Albuquerque Area Office, Bureau of
Indian Affairs,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Memorandum Relating to the Significance and Applicability of Federal Defendants' Supplementation of the Administrative Record, filed August 1, 2001 *(Doc. 77)*. The Court has reviewed the memoranda submitted by the parties, the evidence, and the relevant authorities. The Court hereby finds that a hearing is necessary.

**I.    Background**

Pursuant to the Administrative Procedures Act (APA), Plaintiff appealed the Secretary of Interior's decision to place the Albuquerque Indian School (AIS) property into trust for the 19 Pueblos of New Mexico. In Memorandum Opinion and Order (the "Opinion"), filed June 29, 2000 *(Doc. 54)*, this Court determined that the Secretary's decision to place the property into

1

trust was arbitrary and capricious because of its "sparse nature." *See id.* at 8. In particular, the Court determined that the Secretary did not specifically consider the § 151.10 factors, did not refer to the Pueblos' consideration of those factors in their application of trust status, and his decision lacked any discussion of the factual basis for the determination. *See* Memorandum Opinion and Order at 8 *(Doc. 54)*. Accordingly, the Court remanded the matter so that the Secretary could provide a reasoned explanation for his determination to accept the AIS property into trust status. *See id.* In addition, the Court entered a Final Order, filed June 29, 2000 *(Doc. 55)*, thereby ending the litigation on the merits.

Defendants then filed a motion pursuant to FED. R. CIV. P. 59 asking the Court to alter or amend both the Opinion and Final Order. *See* Federal Defendants' Motion to Alter, Amend or Reconsider Memorandum Opinion and Final Order, filed July 14, 2000 *(Doc. 56)*. Defendants first argued that the Opinion and Final Order are inconsistent in language as to the action required on remand. *See* Federal Defendants' Memorandum in Support of Motion to Alter, Amend or Reconsider Memorandum Opinion and Final Order ("Defs.' Memo.) at 1, filed July 14, 2000 *(Doc. 57)*. Second, Defendants argued that the Opinion and Final Order should be amended to allow them to supplement the administrative record with reasoned explanations from knowledgeable, authorized agency officials rather than by the Secretary. *See id.* Third, Defendants argued that the Final Order should be withdrawn and the Court should retain jurisdiction pending completion of the remand to the agency. *See id.* Finally, Defendants asked the Court to reconsider the Opinion on the basis that Congress has ratified the trust designation. *See id.* at 1-2.

After reviewing the parties' arguments, the Court decided to grant in part and deny in part

2

the pending motion. *See* Memorandum Opinion and Order, filed May 18, 2001 *(Doc. 71)*. The Court first decided to withdraw the Final Order, filed June 29, 2000 *(Doc. 55)*. *See id.* at 7. The Court also decided to allow the Defendants to supplement the administrative record with additional affidavits or testimony as may be necessary to explain the agency decision. *See id.* The Court reasoned that since the only deficiency in the Secretary's actions was an inadequate analysis and discussion of all the relevant factors, remand would be appropriate in light of *Camp v. Pitts*, 411 U.S. 138 (1973) (per curiam). *See Woods Petroleum Corp. v. Dept. of Interior*, 47 F.3d 1032, 1041 (10th Cir. 1995). The Court went on to explain that the Tenth Circuit has interpreted *Camp* to mean that a district court charged with reviewing an agency's decision for abuse of discretion should not conduct a de novo hearing. *See Cotton Petroleum Corp. v. U.S. Dept. of Interior, Bureau of Indian Affairs*, 870 F.2d 1515, 1529 n.5 (10th Cir. 1989). Rather, the court should rely on the facts and reasoning developed in the administrative record supplemented by such additional affidavits or testimony as may be necessary to explain the agency decision. *See id.*

In response to the Court's Order allowing for supplementation, Defendants filed declarations from Grant L. Vaughn and T. Parker Sando, both with appendices. *See* Declaration of Grant L. Vaughn, filed July 2, 2001 *(Doc. 73)* and Declaration of T. Parker Sando, filed July 2, 2001 *(Doc. 74)*. Plaintiffs now argue that the declarations fail to show that the regulatory factors were considered at any level within the Bureau of Indian Affairs (BIA), the Department of the Interior ("Interior"), or by the Secretary at the time of his decision. *See* Plaintiff's Memorandum Relating to the Significance and Applicability to Federal Defendants' Supplementation of the Administrative Record, filed August 1, 2001 *(Doc. 77)*.

**II.** **Standard of Review**

3

Judicial review of the agency action in this case is governed by 5 U.S.C. § 706 of the Administrative Procedure Act ("APA"), which provides that a "reviewing court shall...hold unlawful and set aside agency action, findings, and conclusions found" not to meet six separate standards. Here, the standard at issue is section 706(2)(A), whereby a court cannot set aside any agency action unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). Under this arbitrary and capricious standard, a court must ascertain whether the agency examined the relevant data and articulated a rational explanation for its decision. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). In reviewing the agency's explanation, a court must determine whether the agency considered the relevant factors and whether it made a clear error of judgment. *Id.* at 43. Agency action will be set aside "if the agency relied on factors which Congress has not intended for it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Id.*

### III. Discussion

In order to properly deal with the declarations submitted by the Defendants, the Court reviewed its previous decisions and the administrative record. When the Court granted Defendants' motion to supplement the administrative record, the Court proceeded with the presumption that the Secretary's decision was arbitrary and capricious because he gave an inadequate analysis and discussion of all the relevant factors. Upon further review, the Court has decided, sua sponte, to reconsider this finding.

In deciding to remand the case to the Secretary, the Court focused on the fact that the final agency decision subject to judicial review is the Secretary's decision to accept the AIS property into trust. *See* Memorandum Opinion and Order at 7, filed June 29, 2000 *(Doc. 54)*. The Court went on to state that the Area Director's recommendation is not a final agency ruling subject to judicial review because it was made by a subordinate and is only a recommendation. *See id* at n.1. (citing *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992)). Thus, the Court reviewed the Secretary's decision independently without referring to the Area Director's memorandum and its attachments and determined that his explanation was arbitrary and capricious because of its sparse nature.

However, a further review of case law seems to indicate that the Court may have erred in adopting this line of reasoning. In other words, the Court may have overlooked the fact it was appropriate for the Secretary to delegate detailed consideration of the administrative record to his subordinates, and then subsequently rely on this consideration when rendering his final decision. *See United States v. Morgan*, 313 U.S. 409, 421-22 (1941). In fact, Defendants tangentially raised this argument in subsequent briefings dealing with the supplementation to the administrative record. *See* Defendants' Response to Plaintiff's Memorandum Relating to the Significance and Applicability of Federal Defendant's Supplementation to the Administrative Record at 4, filed August 1, 2001 *(Doc. 78)*. Thus, the Court now finds this argument persuasive, thereby warranting another review of the Secretary's decision.

In *Camp v. Pitts,* 411 U.S. 138, 142-43 (1973), the United States Supreme Court stated:

> If,..., there was such failure to explain administrative action as to frustrate effective judicial review, the remedy was not to hold a de novo hearing but, as contemplated by *Overton Park*, to obtain from the agency, either through affidavits or testimony,

5

> such additional explanation of the reasons for the agency decision as may prove necessary. We add a caveat, however. Unlike *Overton Park*, in the present case there was contemporaneous explanation of the agency decision. The explanation may have been curt, but it surely indicated the determinative reason for the final action taken.... The validity of the Comptroller's action must, therefore, stand or fall on the propriety of that finding, judged, of course, by the appropriate standard of review. If that finding is not sustainable on the administrative record made, then the Comptroller's decision must be vacated and the matter remanded to him for further consideration.

The Court originally thought that the Secretary's explanation of the administrative action frustrated effective judicial review, thereby warranting an additional explanation either through affidavits or testimony. However, the Secretary's decision now seems to fall, more appropriately, under the "caveat" portion of *Camp*. In other words, the Secretary's decision was curt, but it did indicate the determinative reason for the final action taken, namely, the memorandum of January 8, 1993, and its attachments by the Albuquerque Area Director.

In particular, in a memorandum to the Albuquerque Area Director dated January 15, 1993, the Secretary writes: "I have reviewed your memorandum of January 8, 1993, and its attached documentation, regarding the subject fee-to-trust acquisition." *See* Vol. 1 of Administrative Record, No. 12. The Secretary goes on to state: "I have determined the proposed acquisition is consistent with applicable guidelines and would be in the best interest of the 19 Indian Pueblos of New Mexico." *See id.* Based on these statements, the Court now finds that the determinative reason for the Secretary's decision was the memorandum of January 8, 1993, and its attached documentation. Thus, the Court has determined that although the Area Director's recommendation may not ***independently*** be subject to judicial review because it is not a final agency ruling, the Area Director's recommendation should be considered because the Secretary's decision directly incorporates this recommendation and its supporting attachments.

6

The view seems to be supported under existing law. An agency decisionmaker may delegate detailed consideration of the administrative record to its subordinates while retaining the final power of decision for himself. *See Morgan,* 313 U.S. at 421-22. "Rather than wade through the entire record personally," the agency decisionmaker is "free to rely on summaries prepared by agency staff." *National Small Shipments Traffic Conference, Inc. v. Interstate Commerce Commission*, 725 F.2d 1442, 1450 (D.C. Cir. 1984). In this case, the Secretary explicitly relied on the summary prepared by the Area Director. Therefore, the Area Director's memorandum and supporting attachments should be reviewed in order to determine whether the relevant factors were considered.

Turning to the Area Director's memorandum dated January 8, 1993, the relevant portions state:

> Attached, for your review and approval, is an application for trust status that was prepared by the All Indian Pueblo Council (AIPC) for the Albuquerque Indian School (AIS) Property. This package was submitted by AIPC's January 7, 1993, letter which provides a history of this transaction and analyzes the various factors involved in this request.
>
> Title 25 CFR § 151.10 lists a series of factors for the Bureau to consider in determining whether to accept a tract of land into trust status. The AIPC letter addressed the need, purpose, impact, problems, conflicts, and responsibilities resulting from this trust acquisition. Therefore, we will not rediscuss them here. A title report and the title insurance are attached under Tabs 5 and 6. Letters addressing the impact of this trust action are attached under Tab 7.

*See* Vol. 1 of Administrative Record, No. 17. Accordingly, the Area Director's memorandum adopts the consideration of the factors as indicated AIPC letter and application.

Thus, the grounds upon which the Secretary acted seem quite clear. *See American Petroleum Inst. v. EPA*, 540 F.2d 1023, 1029 (10th Cir. 1976) (The grounds upon which the

agency acted must be clearly disclosed in, and sustained by, the record. In other words, the agency must make plain its course of inquiry, analysis, and reasoning.). Here, the Secretary's course of inquiry was as follows: (1) he relied on the analysis of the Area Director as indicated in the January 8, 1993 memorandum; and (2) the Area Director, in turn, relied on the analysis of the factors as indicated in AIPC's application for trust status. Because of the strong presumption of regularity in administrative proceedings, the Court should assume that the Secretary reviewed these documents and relied upon them in rendering his decision. *See Montrose Chemical Corp. v. Train*, 491 F.2d 63, 71 (D.C. Cir. 1974). Thus, the procedural aspect of the Secretary's decision does not appear to be arbitrary and capricious.

Nevertheless, although the reliance on summaries seems to withstand procedural challenges raised by Plaintiffs, at some point, such summaries may so distort the record that an agency decisionmaker can no longer rely on them in meeting its obligation to "consider" the relevant factors. *See National Small Shipments Traffic Conference, Inc.*, 725 F.2d at 1451. In other words, these distortions may violate the arbitrary and capricious standard because they distort the substantive aspects of the administrative record. In addition to requiring a reasoned basis for the agency action, the arbitrary and capricious standard requires an agency's action to be supported by the facts in the record. *See Olenhouse v. Commodity Credit Corp.,* 42 F.3d 1560, 1575 (10th Cir. 1994). Thus, informal agency action will be arbitrary if it is unsupported by "substantial evidence." *Id.* "This is not to substitute the 'arbitrary and capricious' standard applicable to informal agency action under § 706(2)(A) with the arguably more stringent standard of review applicable to formal agency action under § 706(2)(E)." *Id.* Rather, evidence is substantial under § 706(2)(A), the arbitrary and capricious standard, if it is "enough to justify, if

8

the trial were to a jury, a refusal to direct a verdict when the conclusion to be drawn is one of fact." *Id.* (quoting *Illinois Central R.R. v. Norfolk & Western Ry.*, 385 U.S. 57, 66 (1966). Here, if the summaries the Secretary relied on distort the administrative record, then the Secretary's decision may be arbitrary and capricious.

## IV. Conclusion

For the above reasons, the Court will reconsider its previous disposition of the case. Since the Court has raised these arguments sua sponte, a hearing will be set in order to allow the parties to further develop the case law, as indicated above, and the factual record. In particular, the parties need to focus their arguments on the following issues:

(1) Is it appropriate for the Secretary to rely on summaries of his subordinates in rendering his decision?

(2) Do the summaries so distort the administrative record that Secretary breached his duty to accord "consideration" to the relevant factors? Specifically, what factors were distorted in the summaries when compared to the administrative record?

Wherefore,

IT IS ORDERED that a hearing on this matter is scheduled for **Tuesday, January 22, 2002 at 10:30 a.m. in the Cimarron Courtroom, Fifth Floor, United States Courthouse, 333 Lomas Boulevard, NW, Albuquerque, NM 87102. THIS SHALL BE YOUR ONLY NOTICE OF SETTING.**

Dated December 18, 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Timothy M. Sheehan
    John W. Utton
    Sheehan, Sheehan & Stelzner
    Albuquerque, New Mexico

Counsel for Defendants:

    David Iglesias
    United States Attorney
    Dori E. Richards
    Assistant U.S. Attorney
    U.S. Attorney's Office
    District of New Mexico
    Albuquerque, New Mexico